UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANEZA SAMAROO,

        Plaintiff,                            CASE NO.:

v.

MERIDIAN SENIOR LIVING, LLC d/b/a
FOREST OAKS OF SPRING HILL, LLC

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHANEZA SAMAROO, by and through her undersigned counsel, hereby sues Defendant, MERIDIAN SENIOR LIVING, LLC d/b/a FOREST OAKS OF SPRING HILL, LLC, and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, SHANEZA SAMAROO (hereinafter as "Samaroo" or "Plaintiff"), is a resident of Hernando County, Florida.

4. Defendant, MERIDIAN SENIOR LIVING, LLC d/b/a FOREST OAKS OF SPRING HILL, is a foreign corporation authorized and doing business in this Judicial District. At all times material Defendant employed approximately 75 individuals.

5. At all times material, Plaintiff was an employee of Defendant within the meaning of the Family and Medical Leave Act.

## FACTUAL ALLEGATIONS

6. Plaintiff began her employment with Defendant on or around April 17, 2019 as a Nurse's Aide.

7. In or around May 29, 2020, Plaintiff's 7-year-old daughter was sick. Plaintiff called her supervisor Audrey in the morning to let her know that she was taking her daughter to her pediatrician and would not be in. Audrey told Plaintiff is she did not come in; she would not have a job. Plaintiff went in to work.

8. After arriving at work, Plaintiff again told Audrey that her daughter was really sick and asked if she could leave early but Audrey said she could not.

9. Prior to Plaintiff leaving for the day, she informed Audrey that she was taking the following day, Saturday, May 30, 2020, off and Audrey nodded her approval.

10. On May 30, 2020, Plaintiff's daughter was still ill and was taken by ambulance to the hospital.

11. Plaintiff's daughter suffered from a serious health condition, as defined by the FMLA and associated regulations because her daughter:

   a. was incapacitated for more than three days due to her illness,

   b. received treatment on four separate occasions by a health care provider due to her health condition, and

c.  was prescribed medications resulting in continuing care under the supervision of a health care provider.

12. On June 1, 2020, Plaintiff received a call from Audrey and head supervisor, Lee, terminating her for no call-no show the previous day.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

13. Plaintiff, SHANEZA SAMAROO, realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 – 12.

14. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

15. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months and had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding her FMLA leave.

16. Defendant is a covered employer under the FMLA.

17. Plaintiff is a covered employee under the FMLA.

18. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

19. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Liquidated damages;

  e. Attorneys' fees and costs;

  f. Injunctive relief; and

  g. For any other relief, this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

20. Plaintiff, SHANEZA SAMAROO, requests a jury trial on all issues so triable.

Dated this 27th day of August 2020.

            **FLORIN GRAY BOUZAS OWENS, LLC**

            */s/Christopher D. Gray*
            **CHRISTOPHER D. GRAY, ESQUIRE**
            Florida Bar No.: 902004
            Primary: chris@fgbolaw.com
            Secondary: debbie@fgbolaw.com
            **WOLFGANG M. FLORIN, ESQUIRE**
            Florida Bar No.: 907804
            wolfgang@fgbolaw.com
            16524 Pointe Village Drive, Suite 100
            Lutz, FL 33558
            Telephone (727) 254-5255
            Facsimile (727) 483-7942
            Attorneys for Plaintiff